# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| EZEKIEL I. TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:18-cv-00145-WTL-TAB |
| | ) |
| WEXFORD HEALTH SOURCES | ) |
| INCORPORATED, PAUL A. TALBOT, | ) |
| | ) |
| Defendants. | ) |

## Entry Screening Complaint and Directing Further Proceedings

### I. Screening Standard

Plaintiff Ezekiel I. Taylor is a prisoner currently incarcerated at Pendleton Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plaintiff's claims are necessarily brought pursuant to 42 U.S.C. § 1983. To state a claim for relief under § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## II. The Complaint

Taylor has sued Wexford Health Sources Incorporated ("Wexford") and Dr. Paul A. Talbot. Taylor alleges that Dr. Talbot was deliberately indifferent to his serious medical need in violation of the Eighth Amendment. Specifically, Dr. Talbot allegedly denied Taylor access to a surgical procedure recommended by an Orthopedic specialist for three months. Meanwhile, Wexford has been sued under the theory of respondeat superior liability.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

Claims against Wexford are dismissed for failure to state a claim upon which relief may be granted. The claim against Wexford is based on the theory of respondeat superior liability and "the doctrine of *respondeat superior* is not available to a plaintiff in a section 1983 suit." *See West v. Waymire,* 114 F.3d 646, 649 (7th Cir. 1997). The **clerk is directed** to terminate Wexford as a defendant on the docket.

The claim which shall proceed is the following. Dr. Talbot was allegedly deliberately indifferent to Taylor's serious medical need by delaying surgery recommended by a specialist in violation of the Eighth Amendment.

This summary of remaining claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through March 6, 2018,** in which to identify those claims.

### IV. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his or her current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### V. Service of Process

The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Dr. Paul Talbot in the manner specified by Rule 4(d). Process shall consist of the complaint filed on January 17, 2018, (docket 2), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 2/13/18

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

EZEKIEL I. TAYLOR
DOC # 150465
Pendleton Correctional Facility
Electronic Service Participant -- Court Only

Dr. Paul Talbot
PENDLETON CORRECTIONAL FACILITY
4490 West Reformatory Road
PENDLETON, IN 46064

Curtesy Copy to:

Douglas Bitner
Katz Korin Cunningham PC
334 North Senate Avenue
Indianapolis, IN  46204-1708